UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK STEVEN CORRINET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-1092 (ESH) |
| ) | |
| RUSTY BURKE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Mark Steven Corrinet, who is proceeding *pro se*, brings this diversity action against the Robert E. Howard Foundation ("Foundation"), Rusty Burke, Paul Herman, Bill Cavalier, Patrice Louinet, Fredrik Malmberg, and Rob Roehm, for libel, defamation, and negligence.  (First Am. Compl., Oct. 12, 2012 [ECF No. 3].)  Defendants Cavalier, Louinet, Malmberg and Roehm ("Moving Defendants"), who are all members of the Foundation's Board of Directors ("Board "), have jointly moved pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the claims against them for lack of personal jurisdiction.  (Mot. to Dismiss, Dec. 18, 2012 [ECF No. 19]).  For the reasons stated herein, their motion is granted.

### BACKGROUND

The following facts are taken from the allegations of the complaint and the uncontroverted declarations submitted in support of the Moving Defendants' motion to dismiss.[1]

---

[1] "The plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant."  *Crane v. New York Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).  However, in considering a motion to dismiss for lack of personal jurisdiction, a court "need not treat all of the plaintiff's allegations as true.  Instead, the court may receive and weigh

Robert E. Howard ("Howard") was a Texas writer who died in 1936. (Compl. ¶ 17.) The Foundation, which is named for Howard, is a "literary organization with the goal of honoring . . . Howard as a skillful, prolific and successful writer of fantasy, regional, horror, action and adventure stories in a wide variety of genres." (Burke Decl. ¶ 4.) The Foundation is operated by its Board. (Burke Decl. ¶ 3.)

In early 2010, after plaintiff's father died, plaintiff decided to sell his "massive Robert E. Howard collection," which "he and his father, had built over three decades." (Compl. ¶ 23.) According to plaintiff, the collection included a typewriter, authenticated by the FBI, that had once been one of Howard's two typewriters. (Compl. ¶¶ 19-23.) In pursuit of a buyer, plaintiff contacted a number of major Howard collectors, including defendant Herman, the Board's Secretary and Treasurer. (Compl. ¶¶ 14, 24.) Although Herman was initially interested in purchasing the typewriter, he and plaintiff failed to reach an agreement on price. (Compl. ¶ 25.)

In December 2010, Hermans wrote an article for the Foundation's quarterly newsletter that included the statement that, in the Foundation's view, plaintiff's typewriter was "almost certainly not" one of Howard's two original typewriters. (Compl. ¶¶ 14, 15; Mot. to Dismiss, Ex. E, ¶ 11 ("Burke Decl.").) In late December 2010, plaintiff read the article and immediately sent an email to Herman "advising him that legal action would be pursued about his published lies." (Compl. ¶ 27.) Then, on June 23, 2011, plaintiff sent a letter to defendant Burke, the Foundation's President and Chairman of the Board (Burke Decl. ¶ 1), "demanding a retraction and damages." (Compl. ¶ 28.) After Burke rejected plaintiff's request (Compl. ¶ 29), plaintiff filed the pending complaint, which includes a libel claim against all defendants based on the

---

affidavits and other relevant matter to assist in determining the jurisdictional facts." *See D'Onofrio v. SFX Sports Group, Inc.*, 534 F. Supp. 2d 86, 90 (D.D.C. 2008) (internal quotations omitted).

allegedly false statement in Herman's article as to the typewriter's provenance (Compl. ¶¶ 32-41), a defamation claim against Herman and Burke (Compl. ¶¶ 42-51), and a negligence claim against the Foundation and the Moving Defendants for failing in their "job to oversee that the publication does not publish false and misleading information."[2] (Compl. ¶¶ 52-64).

The Foundation, Burke and Herman jointly filed an answer to plaintiff's complaint (*see* Answer, Dec. 18, 2012 [ECF No. 20]), while the Moving Defendants filed the pending motion to dismiss the claims against them for lack of personal jurisdiction. As plaintiff's libel and negligence claims against the Moving Defendants are based entirely on their positions as members of the Foundation's Board, the following jurisdictional facts are relevant to their motion. The Foundation is a 501(c)(3) non-profit corporation created and registered under the laws of the State of Texas, with its corporate office, books and records all in Texas. (Compl. ¶ 9; Burke Decl. ¶ 2.) It does not have an office, telephone listing, mailing address, bank record or real property in the District (Burke Decl. ¶¶ 5-6) and the Foundation's Board has never met in the District. (Burke Decl. ¶¶ 8-10.) The Moving Defendants reside in Indiana (Cavalier), France (Louinet), and California (Malmberg and Roehm). (Compl. ¶¶ 4-7.) None of the Moving Defendants reside or work in the District, own property in the District, or maintain a place of business in the District. (*See* Mem. in Support of Mot. to Dismiss at 3; Mot. to Dismiss, Ex. A, ¶¶ 2, 5, 6 ("Cavalier Decl."), Ex. B, ¶¶ 2, 5, 6 ("Louinet Decl."), Ex. C, ¶¶ 2, 5, 6 ("Malmberg Decl."), Ex. D, ¶¶ 2, 5, 6 ("Roehm Decl.").) The December 2010 newsletter was assembled and formatted in California and printed in and mailed from Indiana. (Burke Decl. ¶ 12.) Herman, the article's author and a Board member, resides in Texas. (Compl. ¶ 3.) The sole allegation

---

[2] Plaintiff initially filed a complaint in federal court in the District of Oregon, but that case was dismissed without prejudice for lack of personal jurisdiction. *See Corrinet v. Burke*, No. 6:11-cv-06416-TC (D. Or. Apr. 30, 2012).

connecting the allegedly false statement in Herman's article to the District is that the article was edited and the newsletter reviewed by Burke, who lives in the District. (Compl. ¶ 2; Pl.'s Opp. to Mot. to Dismiss at 2).

## ANALYSIS

Where subject matter jurisdiction is based on diversity, this Court's "personal jurisdiction over [a] defendant is coextensive with that of a District of Columbia court." *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004). In the District, a court may have either "general" or "specific" personal jurisdiction. *See* D.C. Code §§ 13-422 (general); *id*. § 13-423 (specific); *see Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*, 638 F. Supp. 2d 1, 6 (D.D.C. 2009)). The Moving Defendants assert that neither variation of personal jurisdiction applies here.

**General Jurisdiction:** The District's general jurisdiction statute provides that a court has personal jurisdiction "over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to *any* claim for relief." D.C. Code § 13-422 (emphasis added). None of the conditions for general jurisdiction apply to the Moving Defendants as none of them reside or work in the District, own property in the District, or maintain a place of business in the District. (Compl. ¶¶ 4-7; Cavalier Decl. ¶¶ 2, 5, 6; Louinet Decl. ¶¶ 2, 5, 6; Malmberg Decl. ¶¶ 2, 5, 6; Roehm Decl. ¶¶ 2, 5, 6.) Accordingly, the Court cannot exercise personal jurisdiction over the Moving Defendants pursuant to the District's general jurisdiction statute.

**Specific Jurisdiction**: The District's specific jurisdiction statute, also known as its "long-arm" statute, has two subsections that are potentially applicable to plaintiff's claims against the Moving Defendants – subsections (a)(3) and (a)(4).

Subsection (a)(3) provides that a court has personal jurisdiction over a defendant if the claim for relief arises from that defendant "causing tortious injury in the District of Columbia *by an act or omission in the District of Columbia*." D.C. Code § 13-423(a)(3) (emphasis added). In other words, in order for the court to have personal jurisdiction pursuant to subsection (a)(3), "both tortious injury and an act predicate to it must take place within the District." *McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1300 (D.C. Cir. 1996). With respect to the Moving Defendants, the complaint does not allege the necessary predicate act in the District. Plaintiff seeks to hold the Moving Defendants liable for the statement in the Herman's article because they are members of the Board, but there is no allegation that any of the Moving Defendants, or the Board, or the Foundation, took any action in the District related to the article's publication. Indeed, the only act that took place in the District was Burke's editing and preparation of the article for publication. As the Court of Appeals' decision in *McFarlane* makes clear, however, this act alone is insufficient to give the Court personal jurisdiction over plaintiff's libel and negligence claims against the Moving Defendants. *See McFarlane*, 74 F.3d at 1300 (circulation in the District of a magazine containing an allegedly libelous article is not a sufficient "act" to support personal jurisdiction where the article was written outside of the District and delivered to a magazine outside of the District for publication); *see also Moncrief v. Lexington Herald-Leader Co.*, 631 F. Supp. 772, 774 (D.D.C. 1985), *aff'd*, 807 F.2d 217, 257 (D.C. Cir. 1986) (mailing newspaper to the District with allegedly libelous article is not a sufficient "act" to support personal jurisdiction over the newspaper publisher where printing and mailing occurred outside the District).

Subsection (a)(4) provides for personal jurisdiction if the claim for relief arises from a defendant "causing tortious injury in the District of Columbia by an act or omission *outside* the

5

District of Columbia *if* he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code § 13-423(a)(4) (emphasis added). Thus, subsection (a)(4) provides for personal jurisdiction even if the acts causing the injury took place outside of the District, but only if the defendant "caused a tortious injury in the District, the injury was caused by the defendant's act or omission outside of the District, and the defendant had one of the three enumerated contacts with the District." *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000). Plaintiff attempts to satisfy this requirement by alleging that the Moving Defendants, through the Foundation and other unrelated business interests, have business "throughout the United States," which necessarily includes the District. (*See, e.g.*, Opp. at 3.) However, the Board Defendants have submitted uncontroverted declarations that directly contradict plaintiff's assertion. Conclusory allegations are insufficient to establish personal jurisdiction in the face of uncontroverted evidence to the contrary. *See FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1094-95 (D.C. Cir. 2008); *see also Rundquist v. Vapiano SE*, 2012 WL 5954706 (D.D.C. Nov. 9, 2012); 4 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1067.6 (3d ed. 2002) ("In challenging specific jurisdiction, a defendant may raise factual issues relevant to personal jurisdiction. If a defendant makes such a challenge, the plaintiff must respond by establishing a basis for personal jurisdiction by presenting at least comparable levels of proof (when comparable levels of proof are put forth the plaintiff receives the benefit of the doubt).").

Accordingly, the Court cannot exercise personal jurisdiction over the Moving Defendants pursuant to the District's specific jurisdiction statute.

## CONCLUSION

For the reasons stated above, the motion to dismiss for lack of personal jurisdiction filed by Cavalier, Louinet, Malberg and Roehm will be granted.[3]  A separate Order accompanies this Memorandum Opinion.

                                                                  /s/
                                  ELLEN SEGAL HUVELLE
                                  United States District Judge

Date:  May 29, 2013

---

[3] Louinet also filed a motion to quash service of process (Mot. to Quash, Dec. 18, 2012 [ECF No. 18]), which will be denied as moot.