# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**MARK STEVEN CORRINET,**

        Plaintiff,

        v.

**RUSTY BURKE, et al.,**

        Defendants.

Case No. 12-cv-01092 (CRC)

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Steven Corrinet has moved to extend the discovery deadline by almost six months so that he can subpoena third parties the Federal Bureau of Information and a Missouri family. Defendants oppose the motion and request that the Court schedule deadlines for filing dispositive motions. Because the Court finds that further discovery is not warranted, it will deny Corrinet's motion and set a motions schedule.

Corrinet is the owner of a typewriter that he contends was once owned by Robert E. Howard, an American pulp fiction writer with an apparently quite devoted fan-base. Compl. ¶¶ 17–18. He brought suit against the Robert E. Howard Foundation and all its board members for libel, defamation, and negligence, based on an article board member Paul Herman wrote in the Robert E. Howard Newsletter, stating that "it is our opinion that [Corrinet's] typewriter is almost certainly *not* [Howard's]" Compl. & Ex. B (emphasis in original). This article was published in the winter of 2010, and Corrinet brought suit in June, 2012. Id. Now, over three years since the allegedly libelous statement, roughly two years since this case began, and over a month after general discovery closed, Corrinet seeks an additional six month to conduct further discovery.

Specifically, Corrinet seeks to subpoena the Department of Justice for information related to two alleged FBI employees—"S/A Reynolds" and "R.W. Bishop"—who are named in a letter to

Corrinet's father purporting to prove that the typewriter was Howard's. Mem. in Supp. of Mot. to Extend Discovery at 2; Compl. Ex. C. According to Corrinet's representations to the Court at a May 28, 2014 telephone conference, he has been aware of this letter since well before the start of this litigation and has made an assortment of overtures to the FBI and the FBI's Retired Agents Association seeking to find records of Reynolds and Bishop. See Opp. to Mot. to Extend Discovery Ex. 11. Corrinet claims that none of these inquiries has succeeded because they were based on his mistaken belief that the agents worked in Washington, D.C. He now apparently realizes that "S/A" may have stood for "special agent," not Reynolds's initials, and that Reynolds may have worked in the FBI's San Francisco office. Opp. to Mot. to Extend Discovery Ex. 7 (February 19, 2014 email from Mark Steven Corrinet to Mark Robeck). He explains that a reference to Reynolds's employment in San Francisco appears in his father's notes, which he found in materials that were recently returned to him by an acquaintance. Corrinet contends that this "new" information warrants extending the discovery deadline to enable him to subpoena the FBI. He acknowledged in the telephone conference with the Court that the FBI would likely contest any subpoena.

     The Court agrees with the Defendants that Corrinet has not shown good cause for his delay in conducting this discovery. Corrinet's recent realization that "S/A" might mean "special agent" is not based on new evidence at all, as Corrinet had the letter mentioning "S/A Reynolds" prior to this litigation. And the notes Corrinet allegedly found in materials returned to him near the close of the discovery period were discovered recently only because Corrinet did not request their return earlier. Corrinet does not explain why he was unable to make this request before discovery—or even before bringing this lawsuit. Moreover, Corrinet has already had ample time, and made multiple attempts, to request records from the FBI all to no avail. His recent realization that these alleged FBI agents may have worked in the San Francisco office in no way relieves him of his obligation to diligently investigate and substantiate his claims.

Corrinet also requests that discovery be extended so that he can subpoena a Missouri family regarding their typewriter, which the Herman article suggests may be the authentic Howard typewriter. See Mem. in Supp. of Mot. to Extend Discovery at 2; Compl. Ex. B. Corrinet provides no explanation for his delay in making this request. Because he has been aware of this typewriter at least since the Herman article was published in 2010, he has failed to demonstrate good cause to extend discovery.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Extension of Time to Complete Discovery [Dkt. No. 47] is DENIED. It is further

**ORDERED** that defendants shall file a Motion for Summary Judgment on or before June 27, 2014, plaintiff shall file an opposition on or before July 28, 2014, and defendants shall file a reply on or before August 11, 2014. It is further

**ORDERED** that the parties shall appear for a Motions Hearing on August 18, 2014 at 10:00 AM in Courtroom 27A before Judge Christopher R. Cooper.

**SO ORDERED.**

Date: May 28, 2014

CHRISTOPHER R. COOPER
United States District Judge